IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13cv196

| | | |
|---|---|---|
| PHILLIP KYLE GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ELIZABETH PITRE FRISARD, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is the Motion to Compel [# 12]. Defendant moves to compel Plaintiff to respond fully to its discovery requests. Plaintiff, who is represented by counsel, failed to respond to Defendant's motion. The Court, therefore, deems Plaintiff to have no opposition to the granting of Defendant's motion. Upon a review of Defendant's motion, the record, and the relevant legal authority, the Court **GRANTS** the Motion to Compel [# 12].

### I. Legal Standard

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Where a party fails to respond to an interrogatory or a request for production of

1

documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D 238, 241 (E.D.N.C. 2010); Billips v. Benco Steel, Inc., No. 5:10cv95, 2011 WL 4005933 (W.D.N.C. Sept. 8, 2011) (Keesler, Mag. J.).

## II. Analysis

Defendant moves to compel Plaintiff to produce all documents responsive to Document Request No. 6 and to provide the information responsive to Interrogatories No. 11 and No. 18. Plaintiff failed to respond to Defendant's motion. Upon the Court's review of the pleadings in this case and the relevant legal authority, the Court finds that the requested documents and information is relevant, and Plaintiff has failed to demonstrate any reason why discovery of these documents and information is not appropriate in this case. Accordingly, the Court **GRANTS** the Motion to Compel [# 12] and **DIRECTS** the parties as follows:

(1) Plaintiff shall produce all documents responsive to Request for Production No. 6 within ten (10) days of the entry of this Order.

(2) Plaintiff shall provide Defendant with the information requested by Interrogatories No. 11 and No. 18 within ten (10) days of the entry of this Order.

(3) The failure to produce the information and documents within the ten (10) day time period will result in the imposition of sanctions against Plaintiff and/or Plaintiff's counsel.

(4) Pursuant to Rule 37(a)(5), the Court **AWARDS** Defendant its reasonable expenses and attorney's fees in bringing the Motion to Compel as Plaintiff failed to demonstrate that his nondisclosure was substantially justified. Counsel for Plaintiff shall pay the costs of Defendant's expenses and attorney's fees in filing the Motion to Compel. The Court **DIRECTS** the parties to Confer within ten (10) days of the entry of this Order in an attempt to determine the reasonable amount of these expenses. If the parties cannot agree as to the amount, Defendant shall submit a request for expenses and attorney's fees to the Court with supporting affidavits within ten (10) days of the entry of this Order, and the Court will determine whether the requested amount is reasonable.

Signed: April 7, 2014

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge